# EXHIBIT A

# EXHIBIT A-1

Filed
5/27/2020 5:16 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CV-0086913

CAUSE NO. _____

| | | |
|---|---|---|
| MISHO'S OYSTER COMPANY, | § | IN THE COUNTY COURT |
| | § | Galveston County - County Court at Law No. 3 |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | AT LAW NUMBER \_\_\_\_\_ |
| | § | |
| INTERCONTINENTAL TERMINALS | § | |
| COMPANY, LLC and TIMOTHY | § | |
| GUIDRY | § | |
| | § | |
| *Defendant.* | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE TO ALL DEFENDANTS AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MISHO'S OYSTER COMPANY, hereinafter referred to as "Misho's" or "Plaintiff", complaining of and about INTERCONTINENTAL TERMINALS COMPANY, LLC ("ITC") and TIMOTHY GUIDRY ("Guidry") hereinafter collectively referred to as "Defendants," and for cause of action would show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

## II.
## RELIEF

2. The amount of Plaintiff's damages are substantial and well in excess of the jurisdictional minimum of this Court. However, many of the elements of damages cannot

be determined with mathematical precision and the determination of many of the elements of damages are particularly within the province of the jury. Accordingly, Plaintiff does not, at this time, seek any certain amount of damages for any of these particular elements of damages, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate him. Solely to comply with Texas Rule of Civil Procedure 47, Plaintiff provides that he seeks monetary relief of over $1,000,000.00. However, Plaintiff, reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

**III.**
**PARTIES AND SERVICE**

3.      Plaintiff, MISHO'S OYSTER COMPANY, is a Texas corporation doing business in the State of Texas.

4.      Defendant, INTERCONTINENTAL TERMINALS COMPANY, LLC, ("ITC") is a Limited Liability Company based in Delaware and may be served with process by serving the registered agent of said company, CT Corporation System, at 1999 Bryan St., Suite 900 Dallas, Texas 75201-3136, its registered office. Based upon information and belief, ITC is the owner of property and facility located in Deer Park, Texas, hereinafter ("ITC Facility"). As detailed in the Texas Secretary of State records, Intercontinental Terminals Company, LLC maintains a corporate office in Texas, located at 1021 Main St. # 1150, Houston, TX 77002-6508.

5.      Defendant TIMOTHY GUIDRY is an individual residing in Harris County, Texas and may be served at his usual place of abode located at 2257 Robinwood Dr., Deer Park, Texas 77536, or wherever he may be found.  Pleading on information and belief, TIMOTHY GUIDRY was the on site supervisor of the ITC facility on the date of the

incident made the basis of this suit.

## IV.
## JURISDICTION AND VENUE

6.      Venue is proper in Galveston County, Texas under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial portion of the events giving rise to Plaintiff's claims occurred in Galveston County, Texas.

7.      Jurisdiction is proper because the amount in controversy is within the minimum jurisdictional limits of this Court.  The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated herein.

8.      This Court has specific and general personal jurisdiction over Defendant, Intercontinental Terminals Company, LLC because Defendant owns property located in Texas, and has purposefully availed itself of the privilege of conducting business and activities within Texas for monetary profit.  In addition, this Defendant has substantial and continuous contacts with the State of Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts.

9.      This Court also has specific and general personal jurisdiction over Defendant Timothy Guidry, who is a resident of the State of Texas.

## V.
## FACTS

10.     Defendant ITC operates a storage facility in the petrochemical industry and operates two terminals for their business in the Houston area.  This lawsuit arises out of a fire in ITC's tank yard during the morning of Sunday, March 17, 2019.

11.     At approximately 10:30 a.m.  a fire started in the ITC tank yard and first ignited a tank containing Naphtha. That fire continued to spread throughout the ITC terminal, engulfing at least eight tanks and sending massive plumes of black smoke over and into the communities of Southeast Texas.

11.     On March 18 and 19, 2019, additional tanks caught fire and approximately eleven tanks were actively burning and releasing air contaminants.

12.     During the evening of March 20, 2019, a tank reignited and was subsequently extinguished.

13.     On March 21, 2019, reports of benzene leaks caused by the fire damaged tanks and evaporating firefighting foam required a shelter-in-place for residents in Deer Park and La Porte. In addition, local Independent School Districts were required to shut down.

14.     Benzene leaks continued on March 22, 2019, requiring a shelter in place for local industrial neighbors and resulting in school closures. During the afternoon of March 22, 2019 two tanks ignited and emitted black smoke into the air.

15.     Also on March 22, 2019, a containment dike surrounding the tanks was breached, resulting in the discharge of firefighting foam and other industrial waste into a nearby ditch and eventually into Galveston Bay.

16.     Starting with the initial fire on March 17, Defendant sprayed firefighting foam onto the tanks, attempting to put out the fire. This foam was then discharged into the water adjacent to the Defendant's facility. In addition, Defendant also caused facility-industrial wastewater to be discharged into the Galveston Bay. The fires continued to burn from March 22, 2019 to April 11, 2019, during which time Defendant discharged materials other than storm water into the Galveston Bay, including but not limited to the firefighting foam and highly toxic chemicals.

17.     Plaintiff, Misho's Oyster Company, is in the business of oyster farming. The company owns the lease rights to a total of approximately 420 acres of oyster reefs for the farming of oysters in the Galveston Bay, adjacent to the ITC Facility.

18.     Oysters are a growing crop and grow naturally in bodies of brackish water like Galveston Bay, which is one of the largest estuaries in Texas. Plaintiff depends upon these

oyster crops growing in the waters of Galveston Bay to meet shellfish consumption demands on both a local and national level.

19.   Defendant's actions disrupted the ecosystem of the oysters when it caused the release of firefighting foam and other harmful chemicals into the waters flowing adjacent to its facility, and which eventually made their way into the waters where Plaintiff's oyster farms are situated.

20.   Consequently, Plaintiff has experienced a dramatic decrease in the number of oysters harvested from the Galveston Bay due to the firefighting foam and highly toxic and inherently dangerous chemicals released by the Defendants.

## VI.
## CAUSES OF ACTION

**A.   COUNT 1 – NEGLIGENCE**

21.   Plaintiff incorporates by reference herein the facts as set forth above. The injuries and damages sustained by Plaintiff on the occasion in question were proximately caused by the negligence of the Defendants, both individually and acting by and through their agents, servants and/or employees. In this connection, plaintiffs will show that the defendant was negligent in the following particulars:

a.   In failing to properly store chemicals at the ITC facility;

b.   In failing to develop, implement, and maintain proper procedures for back up refrigeration of chemicals stored at the ITC facility;

c.   In failing to properly develop, implement, and maintain proper safety procedures and protocol concerning the safe maintenance of the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

d.   In failing to have adequate procedures in place to protect the safety and welfare of the community in the event of a catastrophe;

e.   In failing to provide the public with accurate information on the chemicals being released;

f.  In failing to properly warn the public concerning the risk, and dangers associated with the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

g.  In failing to implement and maintain proper procedures, as established by ITC and governmental agencies regarding the safe and proper handling of chemicals at the ITC facility;

h.  In failing to adequately prepare for a major fire event, having had the knowledge that such an event was foreseeable;

i.  In failing to properly develop, implement, and maintain proper safety procedures and protocol for keeping the Galveston Bay free of the highly toxic and inherently dangerous chemicals;

j.  In failing to properly develop, implement, and maintain proper safety procedures and protocol for keeping the Galveston Bay free of the firefighting foam used by ITC; and,

k.  In failing to properly maintain the containment dikes surrounding the ITC tank farm to prevent a breach which allowed tank chemicals to leak into the Galveston Bay.

22.  Each of the foregoing acts, omissions, and/or statutory violations, singularly or in combination with others, constituted negligence and gross negligence, which proximately caused the injuries and damages suffered by Plaintiff.

## B.  COUNT 2 – GROSS NEGLIGENCE

23.  Plaintiffs will show that defendant's acts or omissions, both individually and by and through their agents, servants or employees, were such that when viewed objectively from the standpoint of the actor at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs, and others similarly situated, and/or with malice, which was also a proximate cause and/or a producing cause of injuries and damages to Plaintiffs.

24.     More specifically, this was not the first time Defendants failed to properly maintain their tanks and chemicals or otherwise engage in safe and reasonable behavior, as Defendants have been fined multiple times by the Texas Commission on Environmental Quality for repeated water violations. As such, the Defendants' repeated improper acts demonstrate a prolonged pattern of disregarding the law and safety of Plaintiff and the public. Further, Defendants unconscionably and wantonly neglected to take the actions reasonably required to correct its past mistakes in order to protect Plaintiff and the public from the unreasonably dangerous condition it created.

25.     Accordingly, Plaintiff's injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under section 41.003(a) of the Texas Civil Practice & Remedies Code.

## C.     COUNT 3 – NEGLIGENCE PER SE

26.     Plaintiff will further show that Defendants were negligent as a matter of law because of their violations of the statutes, laws, and regulations which governed the operation of Defendants' facility, including, but not limited to, section 26.121 of the Texas Water Code. Such statutory violations by the above-named Defendants constitute negligence per se.

27.     Plaintiffs are members of the class that the Texas Administration Code is designed to protect, and the incident described above was the type of incident intended to be protected against, and the inexcusable breach of these duties by Defendants and their agents, servants and/or employees, proximately caused the injuries and damages to Plaintiffs.

## D.     COUNT 4 – NUISANCE

28.     On the occasion in question, as more fully described above, Plaintiff owned the lease rights to approximately 420 acres of oyster reefs in Galveston Bay.

29.     Defendants created a condition that substantially interfered with Plaintiff's interest in the use and enjoyment of its land, causing plaintiff unreasonable discomfort or annoyance. Specifically, Defendants caused physical harm to Plaintiff's property by causing the encroachment of firefighting foam and inherently dangerous, highly toxic chemicals.

30.     As such, Defendant is strictly liable because Defendants' abnormally dangerous conduct created the condition that substantially interfered with Plaintiff's interest, and such interference proximately caused the injuries and damages to Plaintiffs.

**E.      COUNT 5 – TRESPASS TO REAL PROPERTY**

31.     On the occasion in question, Defendants physically, voluntarily, intentionally and/or negligently entered Plaintiff's property without authorization.

32.     Further, Defendants' trespass proximately caused the injuries and damages to Plaintiffs.

33.     Moreover, Plaintiff's injury resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under section 41.003(a) of the Texas Civil Practice & Remedies Code.

**VII.**
**DAMAGES**

34.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MISHO'S OYSTER COMPANY, was made to suffer the following damages:

 a.  Market-value damages to the oyster crop;

 b.  Loss of use and enjoyment of personal property;

 c.  Destruction of personal property, cost of repair, and loss of use during repair;

 d.  Loss of profits and revenue from the sale of oysters, in the past and in the future;

 e.  Costs of restoration of oyster reefs;

      f.   Loss of customer sales base, in the past and in the future;

      g.   Loss of marketable product (oysters), in the past and in the future;

      h.   Cost of re-seeding destroyed oyster beds;

35.     Therefore, suit is brought by the above-named Plaintiffs against the above-named Defendants for a just and reasonable sum in excess of the minimum jurisdictional limits of this Honorable Court.

## VIII.
## NOTICE THAT DOCUMENTS WILL BE USED

36.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiff hereby gives notice to all parties that Plaintiff intends to use as evidence at the time of trial any and all documents produced in response to written discovery served by him, and any documents exchanged and provided between the parties including , but not limited to, correspondence, pleadings, records, and discovery responses.

## IX.
## REQUEST FOR DISCLOSURE

37.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of service of this request.

## X.
## DEMAND FOR JURY TRIAL

38.     Plaintiff hereby requests a jury trial and tenders the appropriate fee with the filing of this petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MISHO'S OYSTER COMPANY respectfully prays that Defendants, INTERCONTINENTAL TERMINALS COMPANY, LLC and TIMOTHY GUIDRY, be cited to appear and answer herein, and

that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, pre-judgment and post-judgment interest at the legal rate, and for such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,
APFFEL LEGAL, PLLC

By: _____

DARRELL A. APFFEL
State Bar No. 01276600
Darrell@apffellegal.com
D. BLAKE APFFEL
State Bar No. 24081911
Blake@apffellegal.com
JESSICA CLARK
State Bar No. 24095810
Jessica@apffellegal.com
104 Moody Ave. (21st)
Galveston, Texas 77550
P.O. Box 1078
Galveston, Texas 77553
Tel. (409) 744-3597
Fax (281) 612-9992

*Attorneys for Plaintiff,*
*Misho's Oysters Company*

# EXHIBIT A-2

CAUSE NO. CV-0086913

| | | |
|---|---|---|
| MISHO'S OYSTER COMPANY, | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 3 |
| | § | |
| INTERCONTINENTAL TERMINALS | § | |
| COMPANY, LLC AND TIMOTHY | § | |
| GUIDRY, | § | |
| | § | |
| Defendants. | § | GALVESTON COUNTY, TEXAS |

## DEFENDANTS INTERCONTINENTAL TERMINALS COMPANY LLC AND TIM GUIDRY'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

Defendants Intercontinental Terminals Company LLC and Tim Guidry ("Defendants") file their Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's Original Petition, Jury Demand, and Requests for Disclosure (the "Petition").

### I. Motion to Transfer Venue

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendants respectfully request that venue for this action be transferred from Galveston County to another county of proper venue under the Texas Civil Practice and Remedies Code. Defendants will supplement the record with a brief in support of their motion and necessary affidavit upon completion of sufficient discovery.

### II. General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations and claims set forth in Plaintiff's Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### III. Affirmative Defenses

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Plaintiff lacks standing to bring, in whole or in part, the claims alleged in the Petition.

3. Defendants assert the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendants to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against them by the degree of negligence or fault attributable to any other person or party.

4. Defendants assert the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendants' actions or reasonably foreseeable to Defendants or within their control.

5. Defendants deny that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of Defendants.

6. As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

7. As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

8. All conduct and activities of Defendants, as alleged in the Petition, conformed to applicable statutes, government regulations, government-issued permits, and industry standards based upon the state of knowledge at the time alleged in the Petition and/or

were taken at the specific direction of or in conjunction with or with approval or ratification by federal, state, and/or local governmental authorities.

9.      Alternatively, should any amount be cast against Defendants in judgment, Defendants are entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

10.      Defendants deny any liability for punitive or exemplary damages.  In any event, Plaintiff's claims for exemplary damages are limited by Tex. Civ. Prac. & Rem. Code § 41.008.

11.      Defendants deny any liability for punitive or exemplary damages.  In any event, Plaintiff's claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendants' rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

12.      Defendants deny any liability for punitive or exemplary damages.  In any event, Plaintiff's claims for punitive damages against Defendants cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and

3

does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

13. Defendants deny any liability for punitive or exemplary damages. In any event, a punitive damages award would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Article I, § 19 of the Texas Constitution.

14. Defendants reserve the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

## IV. Right to Amend

Defendants reserve the right to amend this Answer.

## V. Request for Jury

Defendants request a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

## VI. Prayer

Defendants request that this Court, after trial or final hearing of this case, enter judgment in Defendants' favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendants their costs of court and expenses and all other relief to which they are entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By:  /s/ Russell C. Lewis
  Russell C. Lewis
  Texas Bar No. 24036968
  Michael S. Goldberg
  Texas Bar No. 08075800
  Benjamin Gonsoulin
  Texas Bar No. 24099682
  Kelly Hanen
  Texas Bar No. 24101862
  Elizabeth Furlow
  Texas Bar No. 24109899
  One Shell Plaza
  910 Louisiana Street
  Houston, Texas 77002-4995
  Telephone:  (713) 229-1767
  Facsimile:   (713) 229-2867
  russell.lewis@bakerbotts.com
  michael.goldberg@bakerbotts.com
  ben.gonsoulin@bakerbotts.com
  kelly.hanen@bakerbotts.com
  elizabeth.furlow@bakerbotts.com

PHELPS DUNBAR LLP

By:  /s/ Ivan M. Rodriguez
  Ivan M. Rodriguez
  Texas Bar No. 24058977
  Marc G. Matthews
  Texas Bar No. 24055921
  500 Dallas, Suite 1300
  J. Alan Harrell
  Texas Bar No. 24114609
  Houston, Texas  77002
  Telephone:  (713) 626-1386
  Telecopier:  (713) 626-1388
  ivan.rodriguez@phelps.com
  marc.matthews@phelps.com
  alan.harrell@phelps.com

ATTORNEYS FOR DEFENDANTS
INTERCONTINENTAL TERMINALS
COMPANY LLC AND TIM GUIDRY

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 26th day of June 2020:

Darrell A. Apffel
D. Black Apffel
Jesicca Clark
104 Moody Ave. (21st)
Galveston, Texas 77550
P.O. Box 1078
Galveston, Texas 77553
Telephone: (409) 744-3597
Facsimile: (281) 612-9992
darrell@apffellegal.com
blake@apffellegal.com
jessica@apffellegal.com

*Attorneys for Plaintiff*

*/s/ Russell C. Lewis*
Russell C. Lewis

6